## THE ROAD CASES.

THE STATE v. JOSEPH FORREST.
THE STATE v. A. C. McCARTNEY.
THE STATE v. WM. BOREN.

The 9th section of the Penal Code reads as follows: "This code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects, and no person shall be punished for an offense which is not made penal by the plain import of the words of a law." (Paschal's Dig., Art. 1611.) This changes the common law and requires every criminal law to be construed according to the plain import of its language.

The 23d section of the road law reads as follows: "If any overseer of a road shall fail, neglect, or refuse to perform the duties as prescribed by the act, or if he should not keep the road, bridges, and causeways within his precinct clear and in good order, or if he suffer them to remain uncleared or out of repair for twenty days at any one time, unless hindered by high water or other sufficient cause, to be judged of by the court, such overseer shall be liable to indictment, and, on conviction thereof by the district court, shall be fined not less than ten, nor more than twenty-five dollars." (Paschal's Dig., Art. 5074, Note 1113.) It is sufficient to charge in the indictment that the defendant was overseer of a certain specific precinct of a certain designated public road in the county, and that he neglected to keep the road of which he was overseer in good repair, and suffered said road to remain out of repair for twenty days at one time.

APPEAL from Ellis. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The grand jurors for the state of Texas, duly elected, empanneled, sworn, and charged to inquire, in and for the body of the county of Ellis, in said state, upon their oaths present, that Joseph Forrest, late of the county aforesaid, on the 1st day of September, 1866, with force and arms, in the county aforesaid, the said Joseph Forrest then and there being overseer, duly appointed by the county court of Ellis county overseer of precinct No. 3 of a certain public road then and there situate, from Waxahachie, the county site, to the county line in the direction of Waco, did then and there fail and refuse and neglect to keep such parts of the road aforesaid as falls within his precinct in good repair, and did suffer said road to remain out of repair twenty days at one time during the time of his said appointment.

The defendants in each case moved to quash, because there was no sufficient charge of any offense; because of uncertainty; because the indictment is not in the language of the statute, or any equivalent language; because the charge of suffering the road to remain out of repair for twenty days does not apply to the precinct, but to the road; because the indictment attempts to charge two or three different offenses, and fails to charge any one of them sufficiently. The court sustained the motion, quashed the several indictments, and the state appealed in all the cases.

No briefs have been furnished to the *Reporter*.

LINDSAY, J.—These are three cases brought up by appeal from the district court of Ellis county, by the attorney for the state, from the judgments of that court, quashing the indictments against them, as overseers of roads, for insufficiency. There were various exceptions taken to the indictments, which are substantially, to all of them, that no offense is charged known to the penal laws of the state;

that the indictments do not show that the facts charged took place while the several defendants were overseers of the road; and the specific days when the roads were out of repair are not charged.   These are substantially the exceptions taken to all three of the indictments, which are nearly identical in the language used in describing the offenses of these several defendants.   By the rules of construction in the common law penal statutes were taken strictly, and every fair intendment was allowed in favor of the party accused.   Not so, however, in the administration of the criminal law in this state, since the adoption of the penal or criminal code.   Every penal law is now to be construed according to the plain import of the language in which it is written, (see Penal or Criminal Code, Paschal's Dig., Art. 1611, p. 396.)   Testing these several indictments by this rule of construction, we think it manifestly appears in each and all of them that there is a distinct charge that these several defendants, as overseers of certain specific precincts of certain designated public roads in the county, neglected to keep their roads, of which they were the overseers, to wit, their several precincts, in good repair; and suffered them so to remain out of repair for twenty days at one time necessarily while they were such overseers.   It would be a distortion of the plain import of language to suppose that it could be applied to any other time than when they were such overseers of the road.   If the facts upon proof showed that the roads were not so out of repair for twenty days at one time, in the language of the statute, while they were overseers, there would be a defect of proof, and they would be acquitted upon trial. ` We can see no sufficient ground in the record of these cases for sustaining the exceptions to these indictments and the quashing of them by the court.

Wherefore, the judgment of the court below is reversed in each and all of these cases, and they are severally

REMANDED.